Haywood, J.
delivered the opinion of Judge Peck and himself.
This is an action upon a note against an indorser; demand was made and notice given in due time. The note promised to pay a certain sum in bank-notes.' Opposition was made to the recovery on the ground that, not being a note for money, it is not a negotiable note, transferable to the assignee by indorsement. A promissory note, or bill single, promising to pay notes due to certain individuals, would not be a negotiable note within *222 the Acts of 1762, ch. 9, or 1786, ch. 4. The value of the notes to be paid depending on a variety of circumstances, as well as the degree of solvency of the debtors, must necessarily be of various values, and must be turned into
cash, by the estimation of a jury, not be recovered as so much money numerically specified in the note. But though all this be true, the assignee may still recover upon the Act of 1801, ch. 6. § 54, which authorizes a suit in the name of the assignee upon bills and notes for specific articles, of which description is a note or bill in current bank-notes. Wherever damages are to be assessed on a breach of the contract for the thing agreed to be paid or delivered, and that thing is to be valued, that is not a note for money. 1 Call. 123. The assignee may sue the indorser, as well as the maker, and the allegation of the indorsement is as good as a direct affirmation of all the legal consequences, and amongst the rest, of sufficient consideration. The assignee may sue the indorser as well as the maker; 2 Washington, 232; and the indorsers who are prior to the last as well as him. For the assignee is entitled to all the rights which the immediate indorser to him had, and which he had acquired from the immediate indorser to him. And he is to recover the damages which a jury shall assess, and not the sum called for in the note in money. And he is not perhaps bound to the same diligence in making demand and giving notice, as the law of negotiable papers requires, so as they are made or given in reasonable time, considering the persons concerned as no part of the mercantile world. But, subject to these distinctions, the bolder of un-negotiable paper, upon which the assignee is authorized to sue by the Act of 1801, ch. 6, § 54, is as well entitled to his recourse against all the indorsers, as he would be upon a negotiable paper. The Court charged that this was a negotiable paper, and the inference was, that, therefore, the assignee could maintain the action. But the record does not show any evidence to prove a difference between a sum in money and the same sum in notes, and that it was repaid ; nor does the record show that in fact there was any such difference existing. The declaration states all, and much more than needful, in an action upon this paper, yet the redundance does not vitiate that which is sufficiently stated and more. If, indeed, the fact really be that such difference existed, and that because of a mistake induced by anything said by the Court, the defendant did not avail himself of the evidence by which he could have established it upon the statement thereof, under a proper verification, it would be matter for relief in another court, if the plaintiff at law should not voluntarily correct it.
Brown, J.
was of opinion that this was a note for money, and therefore negotiable; and that if it were not so, a consideration should be stated between the defendant and the assignee.
Judgment for the plaintiff below.